# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JAIME APODACA #02309222 | § | |
| | § | |
| V. | § | A-20-CV-221-LY-SH |
| | § | |
| MARGARET MOORE, et al. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court is Plaintiff's civil rights complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I. STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the Travis County Correctional Complex. Plaintiff was subsequently transferred to the Texas Department of Criminal Justice – Correctional Institutions Division.

Plaintiff executed his complaint on February 21, 2020. On February 14, 2020, in the 427th Judicial District Court of Travis County, Texas, in Cause No. D-1-DC-19-202030, Plaintiff was convicted of aggravated assault with a deadly weapon, manslaughter, and aggravated assault "date/family/house w/weapon." Plaintiff was sentenced to 20 years' imprisonment for each count, and the trial court ordered Plaintiff's sentences to run concurrently. Plaintiff filed a direct appeal, which is currently pending.

Plaintiff challenges actions taken by "County District Attorneys and State Prosecutors." Plaintiff generally alleges "a portion of the people under defendants are denied equal protection through neglect, refusal to enforce their provisions, and executing government policies inflicting injuries while hiding behind prosecutorial immunity." Compl. 2, ECF No. 1. Plaintiff claims that "senior officials had knowledge of a pattern of constitutionally offensive acts of their subordinates but failed to take remedial steps, and deeply embedded traditional ways of carrying out state policies and practices with [sic] this Plaintiff complains are often tougher and truer law then the dead words of written text." *Id.*

Specifically, Plaintiff alleges the arrest affidavit was fraudulent, the magistrate's signature on the arrest affidavit was fraudulent, he never received material or tangible things in pretrial discovery, his lawyer never objected to certain pretrial matters, his indictment was defective, he was not present during pretrial proceedings, he did not receive a fair and impartial jury, the prosecutors knowingly and intelligently pushed fraudulent paperwork in trial, and the prosecutor violated its duty to seek justice instead of seeking a conviction. *Id.* at 3.

Plaintiff sues Travis County District Attorney Margaret Moore, Assistant Travis County District Attorneys James Winters and Christy May, Travis County District Clerk Velva Price, the Travis County District Attorney's Office, the Travis County Prosecutors Office, Travis County Attorney David Escamilla, and State Prosecutors. Plaintiff requests a declaratory judgment, a preliminary and permanent injunction, compensatory damages in the amount of $425,000, punitive damages in the amount of $3.5 million, and "monetary damages" in the amount of $3.5 million. Plaintiff states that he seeks damages against the defendants in their official capacities.

## II. DISCUSSION AND ANALYSIS

### A. Standard under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Eleventh Amendment Immunity

Plaintiff's claims seeking monetary relief against the Travis County District Attorney's Office, the Travis County Prosecutor's Office, State Prosecutors and District Attorney Margaret Moore, Assistant District Attorney James Winters and Assistant District Attorney Christy May in their official capacities are barred by Eleventh Amendment Immunity.[1] When acting in their official capacities, Texas district attorneys are considered agents of the state, which are immune from claims for damages under the Eleventh Amendment. *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 Fed. App'x 280, 292-293 (5th Cir. 2009).

---

[1] Had Plaintiff sued the prosecutors in their individual capacities, his claims would be barred by prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976).

C. Supervisory Liability

To the extent Plaintiff sues Clerk of Court Velva Price or Travis County Attorney David Escamilla, he fails to allege that they were personally involved in any of his alleged constitutional violations. This failure is fatal to his claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (observing that "[p]ersonal involvement is an essential element of a civil rights cause of action"). "Supervisory officials are not liable under § 1983 for the actions of subordinates on any theory of vicarious liability"; they must have been "personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner v. Lt. Driver*, 848 F.3d 678, 695-96 (5th Cir. 2017).

D. Travis County Liability

Plaintiff's claims against Defendants Price and Escamilla in their official capacities are brought against Travis County. However, a political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words, a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id.*; *see also Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990). Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations, or through informal acceptance of a course of action by its employees based on custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984). A single decision made by an authorized governmental decisionmaker to implement a particular

course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). Plaintiff failed to identify a policy, practice, or custom of Travis County that caused a deprivation of his constitutional rights.

E. <u>*Heck v. Humphrey*</u>

Plaintiff's claims also are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and the Fifth Circuit Court of Appeals' application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Although the *Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive or declaratory relief may also be made pursuant to *Heck*. *See Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (noting that claims, "whether for damages, declaratory judgment, or injunctive relief," are not cognizable in § 1983 action if they imply invalidity of conviction); *see also Clarke v. Stadler*, 154 F.3d 186, 190-91 (5th Cir. 1998) (*en banc*) (holding that claim for prospective injunctive relief that would imply invalidity of prisoner's conviction may be dismissed without prejudice subject to *Heck*).

In this case Plaintiff's conviction has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Thus, his claims are barred by *Heck*.

III. <u>RECOMMENDATION</u>

The undersigned therefore recommends that Plaintiff's complaint be dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e) and subject to *Heck*.

It is further recommended that the Court include in its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, on receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. *See* TEX. GOV'T CODE ANN. § 498.0045 (Vernon 2005).

It is further recommended that Plaintiff be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event that this Report and Recommendation is accepted, adopted, or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the keeper of the three-strikes list.

IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained within this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations and, except on grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

SIGNED on April 10, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE